## UNAKA & CITY NATIONAL BANK, MARKET STREET BRANCH v. T. M. CAMPBELL, et al.

Eastern Section. December 3, 1927.

Petition for Certiorari denied by Supreme Court, June 16, 1928.

Carter & McKinney, of Johnson City, for plaintiff in error.

Sells, Simmonds & Bowman, of Johnson City, for defendant in error.

SNODGRASS, J. As the style of the cause has not changed upon the record, original plaintiff being now plaintiff in error, the parties will simply be referred to as plaintiff and defendant.

This suit was originally brought by the plaintiff against the defendant to collect seven notes of a series of fifteen, each dated July 27, 1920, the series of fifteen due thirty days apart, each in the sum of $50, these particular notes being due twelve, thirteen, fourteen, fifteen, sixteen, seventeen and eighteen months after date, with six per cent interest.

In default of the appearance of the defendant judgment was taken on the notes on July 27, 1927, from which no appeal was taken. However, it was claimed by the defendant that he appeared before the Justice of the Peace at the time designated, both at ten o'clock and at one o'clock, and waited over the hour, and was told by the Justice of the Peace that the papers had not been returned, and that he went away supposing the purpose to take judgment had been abandoned, until he was later notified that execution might be expected if the judgment was not paid. And thereupon application was made for certiorari and supersedeas to bring up the case for retrial and to stay proceedings.

No issue seems to have been taken upon the petition, which made substantially the foregoing case, but the case went to trial before the court and a jury. The issues being found in favor of the defendant the suit was dismissed at the cost of the plaintiff, who after a motion for a new trial had been made and overruled has appealed to this court, making a number of assignments of error.

The first and second of these assignments are in regard to the admission of testimony. They are not in compliance with sub-section 3 of Rule 11 of this court requiring the full substance of the evidence admitted to be quoted. However, the reference in appellant's brief is to the record cited as questions 14 to 29, inclusive. On examination of these questions we find that there was but one objected to, and that question was not answered.

Regarding the second assignment we are referred simply to the record, 87-90, questions 1 to 15, inclusive. Examining these questions we find that the first was as to whether or not the company whose stock was sold to the defendant was selling stock around up in this country in about 1920, which the court allowed him to answer. The next question was as to whether Uncle Cy H. Lyle had some stock in that company, which the court did not regard as material, and did not even rule on the general objection. An objection was made that the options allegedly turned over for stock would be the best evidence and the testimony of the witness in relation thereto was hearsay. The court seems to have acquiesced in this contention, and then upon the effort to have Mr. Burrow's testimony from a stub as to whose stock it was, the objection was renewed, as follows:

"Your Honor, please, I want to renew my objection—that is incompetent and immaterial, for the reason they have failed to show that the bank ever had knowledge that there was such a corporation in existence so far as this record is concerned, and the bank is an innocent purchaser for a valuable consideration, and that would not be binding on the bank as the holder of the notes, unless they knew something about the condition of the corporation."

"The Court: There is no question about that being correct. That will have to be shown before they can look to that question. The jury will have to determine whether the bank knew that."

Of course, but notwithstanding, it would have to be shown that the bank knew of the fraud, if such it was, it was nevertheless competent to show the fraud, even though the bank might not have known of it, thus affecting the defendant's evidence of the fraud with the character of insufficiency, not incompetency, so there was nothing in the objection or the ruling of the court on the evidence that affects the judgment complained of, and the first two assignments in relation thereto are overruled.

The only remaining assignment that is available in this court is, that "there is no evidence to support the verdict."

The question we think is further and properly simplified by appellant in the statement in his brief that "the question involved is whether or not the bank, the plaintiff in error, was a bona fide purchaser of said notes before maturity, in due course of trade and without notice of any defect," and, we might add, for value. We think the proof when properly analysed and applied is to the effect that the bank purchased the notes in due course, before maturity, for value, and without notice of any equity that might be urged against their payment. There is proof from which the fraudulent character of their procurement would have vitiated them in the hands of one with notice, but there is no proof to contradict the evidence offered by the plaintiff as to the innocent character of its holding, or from which the jury in the discharge of their obligation to reconcile the testimony were authorized to find that the plaintiff was not an innocent holder of the notes for value. It is true there was an effort made in the proof to show that after learning of the impositions practiced upon him he sought to and did notify certain banks in Johnson City not to handle these notes, but this, it appears, was after the bank had received them, first as a deposit of collateral security to secure a loan to the person who held them, but later, and before maturity of the notes, as owner

of the same, their title being subsequently transferred to the plaintiff in the consolidation of the banks.

Reversed and remanded for a new trial, with costs against appellant and his securities.

Portrum and Thompson, JJ., concur.